IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**PHILLIP R. SHEPHERD,**

    **Plaintiff,**

v.                                           Civil Action No. 2:13-cv-03076

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

On February 20, 2013, Plaintiff filed a complaint against Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, in which he contends he was unaware at the time of the administrative hearing that the individual representing him from the office of Jan Dils Attorney at Law, LC, was a non-attorney representative (ECF No. 4). Plaintiff also asserts that he has evidence consisting of nurses notes on his medical records that was not introduced at the administrative hearing.

Plaintiff was represented by the office of Jan Dils Attorney at Law, LC, at the time of the administrative hearing on March 16, 2011, and supplemental hearings on August 9, 2011, and July 10, 2012 (Tr. at 41-75, 76-119, 120-145). Subsequent to the administrative hearings, Plaintiff has renounced representation from the office of Jan Dils Attorney at Law, LC, and pursues his case *pro se*. At the time of filing the complaint for judicial review, Plaintiff was *pro se*.

A summons was issued on the behalf of Plaintiff on August 2, 2013 (ECF No. 8). There is no evidence of service in the record. Rule 4 of Federal Civil Procedure states that "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[1] The Court is permitted to dismiss an action or claim "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Rule 41(b) of the Federal Rules of Civil Procedure.

The Fourth Circuit has held that the 1983 amendments to the federal rules of civil procedure were part of a new scheme for service that was intended principally to relieve United States Marshals of the burden and expense of serving summonses. *Mendez v. Elliot*, No. 94-1529 (Maryland, January 25, 1995). The Court stated that in transferring the burden of service to the litigants and imposing on them a 120 day period for service, the amendments also serve to encourage more efficient, speedy and inexpensive litigation (*Id.*)

Plaintiff's deadline of within 120 days under Rule 4(m) has expired. *It* has been approximately 10 months after the summons was issued. On July 8, 2014, this Court filed a Notice of Failure to Make Service of Summons Within 120 Days (ECF No. 11). The Notice stated that "this action shall be dismissed without prejudice unless you can demonstrate good cause to the Court why such service was not made within [the 120 day filing] period." Plaintiff responded by letter dated July 14, 2014, stating that he had been ill and was operating under the assumption "that my case was terminated and no other

---

[1] Local Rule of Civil Procedure 4.1 addresses waiver of service, however, no waiver of service has been entered on the docket.

filings were needed." Plaintiff stated "I ask that my case be considered again." He stated that he would send "a packet" with further information. To date, nothing has been filed after the Court's receipt of Plaintiff's letter. Plaintiff has not requested an extension of time to obtain a summons to properly serve with the complaint. Additionally, there has been no proof of service of the summons for Carolyn W. Colvin, Acting Commissioner of Social Security.

The authority of a federal trial court to dismiss a plaintiff's action because of her failure to prosecute is clear. *See Link v. Wabash R. Col.*, 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962). Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with procedural rules of civil procedure. *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1976).

Plaintiff represented himself, *pro se*, on February 20, 2013, at the time he filed his complaint.[2] It appears that the responsibility for the failure to serve the summons within 120 days rests exclusively with Plaintiff. Because Plaintiff's responsibility for the delay and failure to prosecute was solely due to his lack of action, it is recommended that the complaint be dismissed without prejudice.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's complaint be dismissed without prejudice for failure to prosecute.

---

[2] Plaintiff filed a letter-form of complaint on February 20, 2013. On February 27, 2013, this Court ordered Plaintiff to file the proper form for a social security appeal. As a result, Plaintiff filed his amended form complaint on March 4, 2013 (ECF Nos. 1, 3, 4).

3

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to Plaintiff, Phillip R. Shepherd, and counsel of record.

Enter: July 28, 2014

_____
Dwane L. Tinsley
United States Magistrate Judge