# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

PHILLIP R. SHEPHERD,

                Plaintiff,

v.                                    CIVIL ACTION NO.   2:13-cv-03076

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.


### MEMORANDUM OPINION AND ORDER


Pending before the Court is Plaintiff's Amended Complaint [ECF 4].

Plaintiff initially filed a Letter-Form Complaint initiating this civil action on February 20, 2013.  [ECF 1.]  By Standing Order entered September 2, 2010, and filed in this case on February 25, 2013, this action was referred to former United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation ("PF&R").  By Order, Magistrate Judge Stanley deemed Plaintiff's Letter-Form Complaint to be an appeal from a decision of the Commissioner denying benefits and directed Plaintiff to file an Amended Complaint [ECF 3], which was done on March 4, 2013 [ECF 4].

Following Magistrate Judge Stanley's retirement, this action was referred on April 8, 2013, to United States Magistrate Judge Dwane L. Tinsley.  Magistrate Judge Tinsley filed his PF&R [ECF 12] on July 28, 2014, recommending that this Court dismiss without prejudice this civil action for failure to prosecute and failure to timely serve process.   Upon receipt of the PF&R and

in consideration of the fact that over eight months had passed since submission of the transcript of administrative proceedings and no brief had been filed in accordance with Local Rule of Civil Procedure 9.4(a), the Court directed Plaintiff to file along with his objections to the PF&R a brief in support of his Amended Complaint if he in fact still intended to pursue this case [ECF 13].

Pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure, the Court must determine de novo any part of a magistrate judge's disposition to which a proper objection has been made. The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F .2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court liberally construes a pro se plaintiff's filings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

Objections to the July 28, 2014, PF&R were due by August 14, 2014. To date, no objections have been received, and Plaintiff's failure to file objections constitutes a waiver of de novo review of the PF&R. The Court further observes, however, that Plaintiff appears to have failed to prosecute this action in additional ways not addressed in the PF&R.

For example, Local Rule of Civil Procedure 9.4(a) provides that a Plaintiff shall file and serve a brief in support of his complaint seeking review of a final decision of the Commissioner pursuant to 42 U.S.C. § 405(g) no later than 30 days after the date of service of the administrative transcript. The transcript of proceedings was filed in this case on November 12, 2013, and, Plaintiff's brief was, therefore, due no later than December 12, 2013. To date, over eight months later, Plaintiff has not filed a brief in support of his Complaint.

Plaintiff's failure to file objections to the PF&R and a brief in support of his Complaint are also contrary to this Court's August 6, 2014, Order, which instructed him how to proceed if he still intended to pursue this civil action [ECF 13].

The Court notes that the magistrate judge's July 8, 2014, Notice informed Plaintiff that his civil action would be dismissed without prejudice for failing to respond to that notice with clarification of the service of process issue identified by the magistrate judge. As detailed in the PF&R, Plaintiff appears to have sent a letter to the magistrate judge that was not responsive to the July 8, 2014, Notice and did not address the magistrate judge's concerns regarding the proof of service. In consideration of the facts, however, that the Commissioner has filed an Answer and that the transcript of administrative proceedings also has been filed in this civil action, the Court declines to rely solely on Plaintiff's failure to demonstrate proof of service as the basis for dismissal. *Cf.* Fed. R. Civ. P. 4(l) (providing that proof of service may be amended).

Having considered the relevant factors related to a dismissal under Fed. R. Civ. P. 41(b) for failure to prosecute, the Court finds that they favor dismissal without prejudice. *See* Fed. R. Civ. P. 41(b); *Hillig v. Comm'r of Internal Revenue,* 916 F.2d 171, 174 (4th Cir. 1990) (explaining that in determining whether dismissal for failure to prosecute pursuant is appropriate under Fed. R.

3

Civ. P. 41(b), the Court considers the following factors:   "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal"); *see also Lee v. n-Link Corp.*, CA 3:12-2109-CMC-SVH, 2014 WL 3919622, at *6 (D.S.C. Aug. 11, 2014) ("[I]t is well established that a court may dismiss for non-prosecution or non-compliance with court rules and orders on its own initiative.") (citing *Link v. Wabash Railroad Co.,* 370 U.S. 626, 630–31 (1962)).   Specifically, here, Plaintiff simply has not pursued this civil action, and in light of the fact that he is proceeding pro se the responsibility for failure to do so rests solely with him.   Moreover, over eight months have passed since Plaintiff should have filed a brief in support of his Complaint and Plaintiff has failed to file objections to the PF&R and comply with directions of this Court and Magistrate Judge Tinsley.   Although some prejudice to the Commissioner may exist from continued delay in the litigation of this case, it is not an overwhelming factor in the Court's determination.   Finally, the Court has considered the availability of sanctions less drastic, but finds that at this time that dismissal without prejudice is the appropriate sanction in light of Plaintiff's failure to prosecute this case.

Accordingly, for these reasons, the Court **ADOPTS** the PF&R to the extent that it recommends dismissal for failure to prosecute this action [ECF 12], **DISMISSES WITHOUT PREJUDICE** Plaintiff's Amended Complaint [ECF 4], and **DIRECTS** the Clerk to remove this case from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

4

ENTER:          August 19, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE